**WILLIAMSON FAMILY TRUST; et al., Plaintiffs,**

v.

**CIT GROUP/CONSUMER FINANCE, INC.; et al., Defendants–Appellees,**

**Thomas Spielbauer, Real–party–in–interest–Appellant.**

Nos. 05–15190, 05–15192, 05–15198, 05–15199, 05–15204, 05–15209.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Karen A. Braje, Esq., Reed Smith LLP, Oakland, CA, Laura J. Petrie, Esq., Barry, Gardner & Kincannon, APC, Newport Beach, CA, Craig Steven Marks, Esq., Stockton, CA, John S. Siamas, Esq., Reed Smith Crosby Heafey LLP, Sunny S. Huo, Esq., Severson & Werson, Richard C. Darwin, Esq., Buchalter Nemer Fields & Younger, Walter J. Traver, Esq., Musick, Peeler & Garrett, San Francisco, CA, Brian L. Cella, Cella Lange & Cella, Walnut Creek, CA, Linda Reyes, Esq., Kimball Tirey & St. John, Pleasanton, CA, Paul E. Rice, Esq., Paul E. Sherman PC, Palo Alto, CA, Kelly Andrew Beall, Esq., The Wolf Firm, Costa Mesa, CA, for Defendants–Appellees.

Thomas Spielbauer, San Jose, CA, pro se.

Before LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Thomas Spielbauer, a licensed attorney, appeals pro se from the district court's order requiring him and his clients to reimburse appellees $77,306.56 in attorney's fees and $1,306.56 in costs incurred by appellees in defending against a series of frivolous complaints[1] prepared and filed by Spielbauer on his clients' behalf.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's imposition of sanctions pursuant to its inherent authority. *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1135 (9th Cir.2001). We affirm.

■ Spielbauer's contention that the district court lacked jurisdiction to sanction him because he had previously filed notices of voluntary dismissal in the underlying actions is unavailing. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (determination of a collateral issue, such as the imposition of costs and attorney's fees, "may be made after the principal suit has been terminated").

■ The record does not support Spielbauer's assertion that he was denied due process because he was not "formally" advised of the reasons for the sanctions, was not told the legal rule on which the sanctions would be based, and was not given a hearing. At a November 30, 2004 hearing, the district court explicitly found that Spielbauer "could only have acted in bad faith in filing these complaints," and stated that, with possibly one or two exceptions, it had never seen "a more frivolous, unmeritorious complaint filed by a lawyer than the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The complaints alleged, among other things, that mortgage loans made by the defendant financial institutions were fraudulent and violated several federal statutes because they did not involve loans of "lawful United States money," but were simply exchanges of "accounting figures" in which the plaintiffs received nothing of value.

2. Spielbauer's clients, plaintiffs in the district court, have not appealed from the order.

one that was filed in this case." [3] *See Miller v. Cardinale (In re DeVille),* 361 F.3d 539, 549 (9th Cir.2004) (court's inherent power may support sanction where party to be sanctioned was provided with advance notice of conduct at issue and was aware that he stood accused of acting in bad faith). Spielbauer had the opportunity to address the district court's finding of bad faith at a subsequent hearing on December 16, 2004, where the district court clearly indicated that it was contemplating awarding attorney's fees in all of the related cases. Spielbauer also could have further briefed the question prior to the issuance of the January 19, 2005 order on appeal. *See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir.2000) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue.").

Spielbauer's remaining contentions lack merit.

**AFFIRMED.**

3. Although the November 30, 2004 hearing concerned only one of the six cases on appeal, the district court referred to the "complaints" (plural), and Spielbauer acknowledges that all the cases, which were all filed within the same five week period, involved "similar complaints" alleging "essentially the same causes of action."

